## JACOB ELLIOT *vs.* REUBEN SMITH.

Trespass on the case lies in favor of the reversioner against a stranger for cutting trees on the land.
A tenant for life may cut trees for firewood and for fencing, but cannot sell wood to pay for fencing the land.

THIS was an action on the case in the nature of waste. It was alleged in the declaration, that at the time of committing the grievance, one *Martha Sleeper* was seized of a certain close in her demesne as of freehold, the reversion thereof being in the plaintiff; yet the defendant, contriving to injure the plaintiff in his said reversionary estate, on the 13th day of November, 1818, wrongfully cut down two oak trees in said close of the value of $10, and took and carried them away, and converted them to his own use, whereby the plaintiff was injured in his said reversionary estate.

The cause was tried here at September term, 1821, upon the general issue, when it appeared in evidence, that the said *Martha Sleeper* was seized of the *locus in quo* for life, the reversion being in the plaintiff; and that the defendant entered and cut and carried away two trees, of the value of $10, and converted them to his own use. It also appeared

in evidence, that the defendant cut the trees with the permission of the said *Martha*, who sold them to him to pay for boards and stakes which he had found, and labor which he had done in repairing the fences on said land, and that the said trees were only suitable for firewood.

It was objected on behalf of the defendant, that this action could not be maintained against a stranger ; and also, that as the trees were taken with the permission of the tenant for life, and were not timber trees, it was not waste.

But the court overruled these objections, and the jury returned a verdict for the plaintiff for $7 damage, which was taken, subject to the opinion of the court upon the case as above stated.

*Sullivan,* for the plaintiff.

*Lawrence,* for the defendant.

WOODBURY, J. It is contended on the part of the defendant, that case for waste does not lie against a stranger. But it seems to us to be well settled, that such an action may be maintained. *Croke Charles* 242.—7 *D. & E.* 13.—1 *Saund.* 322, *note* 5.—*Co. Litt.* 57.—3 *Levintz* 209.— 11 *Mass. Rep.* 525.—1 *Chitty's Pleadings* 49, 142.—2 *ditto* 336, 344.—4 *Burr.* 2141.—11 *John.* 431.—13 *ditto* 260.

We have, therefore, no hesitation in overruling this objection.

It has also been urged in this case, that the action cannot be maintained, because what was done by the defendant was done with the license of the tenant for life.

It is sometimes laid down, that the person who owns the particular estate is entitled only to the shade and fruit of the trees, together with the usual trimmings, or, as they are called in the books, " loppings."(1) But we entertain no doubt, that when the particular estate is a life estate, the tenant may of common right take from the land wood necessary for fire and fences. 2 *Black. Com.* 122.—*Co. Litt.* 53.

But in the present case, the trees were not cut for fuel, or for fences, but were sold ; and it seems to be well settled, that the tenant for life cannot justify cutting trees for firewood, or for fencing, unless he use the trees for those pur-

(1) 1 Coke's Rep. 48, 81.– 1 Dyer 36.

Elliot
*vs.*
Smith.

poses on the land. *Coke Litt.* 53.—*Cro. Charles* 593.—11 *Coke's Rep.* 82, *Bowle's case.*

If suitable wood for the fire or for repairs does not grow upon the land, it is, in the same way, the misfortune of the tenant, as if suitable grass or grain for his use did not grow upon it. And he can no more be warranted to cut wood of one description and exchange it for wood of another description, than to cut and exchange it for corn and hay. But to permit the latter would be a gross departure from original principles, and prove altogether ruinous to many estates.

Another conclusive reason against any sale or exchange of trees by a tenant for any purpose, is to be found in the principle, that the title of the trees, where they may be cut, still in all cases remains in the reversioner. 11 *Coke* 82.— 1 *Cruise* 62, *t.* 3, *s.* 15, 18.—7 *John.* 236, *Spencer, J.* The tenant is only empowered to cut and use them for specific purposes ; but in no case to sell them. Indeed, a sale by him is a nullity ; because he owns only a qualified use. Whether the trees, then, in the present case were or were not suitable for ship-timber, is, under these views, immaterial.

What ought to be deemed timber trees in this country, and whether they ever can be cut for agricultural purposes as well as for building, are questions of some difficulty, (7 *Bac. Ab.* 253, *title* " *Waste," C.*—7 *John.* 233, *Jackson vs. Brownson,*) and need not be now considered.

*Judgment on the verdict.*